[Cite as *State v. Weiss*, 2013-Ohio-5499.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case Nos.  12-CA-125 |
| TONYA Y. WEISS | : | 12-CA-126 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

**NUNC PRO TUNC**


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case Nos. 2011-CR-0439 &
                                  2011-CR-0510



JUDGMENT:                         Affirmed




DATE OF JUDGMENT:                 November 22, 2013




APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

JOCELYN S. KELLY                       SCOTT P. WOOD
239 West Main Street                   144 East Main Street
Suite 101                              P.O. Box  667
Lancaster, OH  43130                   Lancaster, OH  43130

*Farmer, J.*

{¶1}   On September 26, 2011, the Fairfield County Grand Jury indicted appellant, Tonya Weiss, on one count of identity fraud in violation of R.C. 2913.49 (Case No. 2011-CR-439).   On November 18, 2011, a second indictment was issued charging appellant with five counts of telecommunications fraud in violation of R.C. 2913.05 (Case No. 2011-CR-510).   Said charges arose from incidents wherein appellant called several individuals and alleged child molestation acts against her ex-husband, Paul Jones.   Appellant also called Fairfield County Job and Family Services and pretended to be her ex-husband's girlfriend, Rachel Lucero, and requested that her benefits be stopped.

{¶2}   A jury trial commenced on August 28, 2012.   The jury found appellant guilty as charged.   By judgment entry filed October 19, 2012, the trial court sentenced appellant to an aggregate term of thirty-two months in prison.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.   Assignments of error are as follows:

I

{¶4}   "THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE JURY'S VERDICT AND TO CONVICT APPELLANT."

II

{¶5}   "THE TRIAL COURT MADE TWO RULINGS DURING TRIAL THAT WERE UNDULY PREJUDICIAL TO APPELLANT."

III

{¶6}   "THE STATE COMMITTED PROSECUTORIAL MISCONDUCT DURING CLOSING ARGUMENTS."

I

{¶7}   Appellant claims there was insufficient evidence to convict her for telecommunications fraud because there was no proof of any "financial" detriment, and challenges her conviction for identity fraud on the quality of the evidence.  We disagree.

{¶8}   On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction.  *State v. Jenks,* 61 Ohio St.3d 259 (1991).  "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979).

{¶9}   Appellant was convicted of telecommunications fraud in violation of R.C. 2913.05(A) which states the following:

No person, having devised a scheme to defraud, shall knowingly disseminate, transmit, or cause to be disseminated or transmitted by means of a wire, radio, satellite, telecommunication, telecommunications device, or telecommunications service any writing, data, sign, signal, picture, sound, or image with purpose to execute or otherwise further the scheme to defraud.

{¶10} Under R.C. 2913.01(B), "defraud" "means to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another."

{¶11} Appellant claims there was no showing of any financial detriment to the victims. To support her position, appellant points out that R.C. 2913.05(B) provides the following:

If an offender commits a violation of division (A) of this section and the violation occurs as part of a course of conduct involving other violations of division (A) of this section or violations of, attempts to violate, conspiracies to violate, or complicity in violations of section 2913.02, 2913.04, 2913.11, 2913.21, 2913.31, 2913.42, 2913.43, or 2921.13 of the revised code, the court, in determining the degree of the offense pursuant to division (C) of this section, may aggregate the value of the benefit obtained by the offender or of the detriment to the victim of the fraud in the violations involved in that course of conduct. The course of conduct may involve one victim or more than one victim.

{¶12} Appellant's position is that because the trial court was charged with determining the aggregate value of the benefit obtained by her or the detriment to the victims, the evidence was insufficient to support either determination. Per the bill of particulars filed March 20, 2012, the state's theory was that the victims suffered a

detriment as a result of interfering with child custody rights and possible wrongful prosecution:

***having devised a scheme to defraud, to-wit: did knowingly cause by deception some detriment, specifically denial and/or interference of custody rights or contact with children, and/or to wrongly create criminal liability against another, and/or to cause economic losses to another, all by making false allegations of child molestation or knowing acquiescence thereto by another, to wit: R.L. and/or P.J.  In doing so, did knowingly disseminate, transmit, or cause to be disseminated or transmitted by a telecommunication, specifically a telephone call, falsely alleging child molestation and/or knowing acquiescence to same by P.J. and/or R.L. to another, to wit: P.C., or with purpose to execute or otherwise further the aforementioned scheme to defraud.

{¶13} Appellant and Paul Jones were divorced.  Mr. Jones began a romantic relationship with Rachel Lucero who had two children.  Ms. Lucero testified that as a result of appellant's accusations to several individuals about her children being molested by Mr. Jones, she suffered emotional detriment as well as financial detriment (T. at 133-135):

Q. You describe how you and Mr. Jones were unable to spend time together, or at least severely restricted the time you were together at the

home, most of all. What other impact did this have on you, these accusations?

A. To me? Other than - - I mean, we were very worried, scared, wondering what would happen next. I was very worried about losing my children.

Q. Did you have meetings with the school?

A. I just went to the school one time to speak to them. I couldn't really get in to talk to them.

Q. After this report was made?

A. Correct.

Q. And you had meetings with Fayette County Children's Services?

A. I'm sorry?

Q. You had meetings with Fayette County Children's Services?

A. Yes, sir.

Q. Had to go to court over this for a protection - - -

Did you suffer any economic loss, just gas money, if nothing else, or baby-sitting?

MR. WOOD: Objection. Leading.

THE COURT: Sustained.

Q. What other losses, if any, did you suffer as a result of this?

A. Pretty much just - - you started to say gas or just trying to find someone to baby-sit.

Q. Roughly how much out-of-pocket would you say this cost you?

A. 75 to 100 at most.

Q. More than zero, though.

A. Oh, yeah.

{¶14} Ms. Lucero also testified the investigator on the molestation claim indicated she should not speak to or be seen with Mr. Jones or she would lose her children. T. at 125-126. Making false molestation allegations against Mr. Jones clearly created harm and could have caused a wrongful criminal prosecution.

{¶15} We find there was sufficient credible evidence of a detriment to the victims. Appellant's benefit was to separate Mr. Jones and Ms. Lucero and reunite with Mr. Jones and in her own words, stated: "payback's a bitch, Paul, and it's a 'coming to you." T at 97-98, 102, 106, 108, 257-258, State's Exhibit E.

{¶16} Appellant also claims there was insufficient evident to convict her of identity fraud in violation of R.C. 2913.49(B)(1) which states: "No person, without the express or implied consent of the other person, shall use, obtain, or possess any personal identifying information of another person with intent to***[h]old the person out to be the other person."

{¶17} Appellant challenges the credibility of witness Kristin Ankrom, and argues the party who made the telephone call disguised her voice.

{¶18} Ms. Ankrom was an employee with Fairfield County Job and Family Services. T. at 455. She was personally acquainted with Ms. Lucero, having supervised her in a program. T. at 457. Ms. Ankrom testified she received a telephone call from a person identifying herself as Rachel Lucero and asking for her benefits to be

terminated. T. at 457-458. Ms. Ankrom was immediately suspicious because the woman sounded like she was disguising her voice, and the person sounded older and gave the wrong date of birth. T. at 458, 460-461. The caller specifically answered to "Rachel." T. at 462.

{¶19} After the caller terminated the call, Ms. Ankrom scrolled through the history of the phone and identified the phone number related to the call. T. at 465-466. The number belonged to appellant. T. at 463-464, 466, State's Exhibit B. A call log of appellant's telephone contained the office phone numbers for Job and Family services. T. at 464, State's Exhibit B. Ms. Ankrom listened to a tape of appellant and identified her as the caller. T. at 467-468, 474-476, State's Exhibit M. Ms. Lucero never gave appellant permission to pretend to be her for any purpose or reason. T. at 116.

{¶20} Upon review, we conclude there was sufficient credible evidence, if believed by the jury, to substantiate the guilty findings.

{¶21} Assignment of Error I is denied.

II

{¶22} Appellant claims the trial court erred on two evidentiary rulings: 1) letters from Job and Family Services were inadmissible hearsay, and 2) the trial court prohibited her from arguing that it was necessary for the state to prove that her statements were false to satisfy the "scheme to defraud" element of the offense.

{¶23} The admission or exclusion of evidence lies in the trial court's sound discretion. *State v. Sage,* 31 Ohio St.3d 173 (1987). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or

unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶24} Ms. Lucero testified she was romantically involved with Mr. Jones, and he stayed with her and her children in a home in New Holland a couple of nights a week. T. at 94-95. She testified a social worker for Job and Family Services visited with her children at school, inquiring about the children's relationship with Mr. Jones. T. at 103. Ms. Lucero received a letter to contact Job and Family Services. T. at 121. When she did, she was told someone called in, stating her children were in harm's way living with Mr. Jones. T. at 123-124. She was also told that her children would be taken from her if she continued to speak to or be seen with Mr. Jones. T. at 124, 125-126. She testified that as a result of the threat, she stayed away from Mr. Jones and was "very worried, scared, wondering what would happen next," and she suffered economic loss. T. at 133-134.

{¶25} Thereafter, Ms. Lucero and her children received letters informing them that the investigation had been dismissed. T. at 127, 129-130, State's Exhibits F, G, and H. The exhibits established that an allegation of child molestation had been made concerning Ms. Lucero's children and the investigation had been dismissed.

{¶26} Appellant argues the exhibits constitute hearsay and therefore could not be used to prove that the allegations had been made and that they were false. The trial court found the exhibits not to be hearsay. T. at 128. The state argues the exhibits did not constitute hearsay as they were not offered to prove the matter asserted, but to prove that an investigation took place. During closing argument, the state argued appellant did not have a good faith belief that the children had been molested, but called

Job and Family Services out of vindictiveness and an effort to break up Mr. Jones and Ms. Lucero.  T. at 709-711.

{¶27}  We concur with the trial court's analysis that the thrust of the state's claim of telecommunications fraud was the fact that appellant made a molestation allegation not in good faith.  As such, the state never argued that the allegation was false, just that it was made.  Ms. Lucero and Mr. Jones both denied any molestation.  T. at 103-104, 125, 279.  State's Exhibits F, G, and H, the letters informing Ms. Lucero and her children that the investigation had been dismissed, were proof that an accusation had been made and substantiated Ms. Lucero's and Mr. Jones's direct testimony.

{¶28}  During closing argument, defense counsel attempted to argue that the state had to prove beyond a reasonable doubt that the allegations were false (T. at 718):

So we would submit to you that based on the information that Tonya knew, she had an honest belief that those allegations regarding Paul Jones were true.

Now, we don't have to prove that to you beyond a reasonable doubt.  We don't have to prove to you beyond a reasonable doubt that Paul Jones is a child abuser.  There's only one party in this trial that has the burden of proof, and that's the State.  And the State has rested its entire case on the fact that these allegations are false.  They have to prove that to you beyond a reasonable doubt.

{¶29} The state objected and the trial court sustained the objection, ruling the falseness of the allegation was not an element.  T. at 718-719.  The trial court then permitted defense counsel to make the following argument (T. at 719-721):

They have to prove - - the State has to prove to you in their telecommunications fraud that my client perpetuated a deception.  And the deception that they are alleging is that these allegations regarding Paul Jones are false.

Now, did the State present any evidence to you that these allegations were thoroughly investigated and proven to be untrue?  The answer is no.  By my count, the State called 12 witnesses, but no one from Fairfield County who investigated these allegations, no one from Ross County who investigated these allegations, and no one from Fayette County who investigated these allegations.  The only evidence that was presented to you by the State was a form letter sent from a Fayette County Job and Family Services caseworker who never testified, and the letter said that the case was closed.

Why wouldn't that person testify?  Why wouldn't we hear anything about the background of that person and the thorough investigation that she conducted before she sent that letter out?  In fact, the investigation was so thorough that the suspect himself was not even interviewed.  And apparently, only a phone message that's not returned is enough to clear somebody in Fayette County.

So other than the self-serving denials by Paul Jones and Rachel Lucero, the State presented no evidence to you that these allegations are false.

{¶30} It appears to be appellant's position that the only way to prove that the allegation was false was through the investigators, however, the record is clear that Ms. Lucero and Mr. Jones both denied the allegation and if their testimony was believed by the jury, the element was proven. The deception/falsehood is an element of the offense and as such, must be proven beyond a reasonable doubt.

{¶31} Although we find it was error to not permit the argument as to "reasonable doubt," we find the trial court instructed the jury that the deception had to be proven beyond a reasonable doubt. T. at 755-776. Therefore, we find the error to be harmless. Harmless error is described as "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). Overcoming harmless error requires a showing of undue prejudice or a violation of a substantial right. We find neither in this case.

{¶32} Upon review, we find the continued argument by defense counsel as well as the jury charge were sufficient to insure appellant a fair trial.

{¶33} Assignment of Error II is denied.

III

{¶34} Appellant claims the prosecutor was guilty of prosecutorial misconduct because of his repeated objections during defense counsel's closing argument, all but one being overruled. We disagree.

{¶35} The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. *State v. Lott,* 51 Ohio St.3d 160 (1990). In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the contest of the entire trial. *Darden v. Wainwright,* 477 U.S. 168 (1986).

{¶36} Appellant argues the prosecutor's repeated objections, seven times in twenty minutes, were excessive. The trial court attempted to keep the arguments on track by reminding the prosecutor that he would have the opportunity to rebut defense counsel's arguments. T. at 723. Appellant also argues the prosecutor personalized defense counsel's arguments and attempted to "con" the jury, and cites to seven references and two implications. Appellant argues these statements unduly influenced the jury.

{¶37} We are unwilling to categorize the prosecutor's objections as error, although they appear to center on legal arguments, not factual inconsistencies. Further, the arguments as to the believability of witnesses as to defense counsel's statements are not clear error. If anything, repeated objections during defense counsel's closing argument can negatively impact the jury's perception of the objections. The personalization of argument is never good form by the state, as is any personalization of any argument.

{¶38} Upon review, we cannot find any of the complained of errors prejudicially affected appellant's substantial rights or rose to the level of denying appellant a fair trial.

{¶39} Assignment of Error III is denied.

{¶40}  The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, J. concur

Hoffman, P.J. concurs separately.


_____
Hon. Sheila G. Farmer


_____
Hon. William B. Hoffman


_____
Hon. Patricia A. Delaney


SGF/sg 926

*Hoffman, P.J., concurring*

{¶41} I concur in the majority analysis and disposition of Appellant's three assignments of error with one exception.

{¶42} Concerning Appellant's second assignment of error, I would find it was error to admit State's Exhibits F, G, and H as they constituted hearsay.[1]  However, in light of the denial of molestation by Mr. Jones and Mr. Lucero, I find the error harmless.

_____
HON. WILLIAM B. HOFFMAN

---

[1] The standard of review set forth in *State v. Sage* (1987), 31 Ohio St.3d 173, applies to the admission of relevant evidence under Evid.R. 401.

[Cite as *State v. Weiss*, 2013-Ohio-5499.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | **NUNC PRO TUNC** |
| | : | |
| Plaintiff-Appellee | : | JUDGMENT ENTRY |
| | : | |
| -vs- | : | |
| | : | |
| TONYA Y. WEISS | : | |
| | : | CASE NOS.  12-CA-125 |
| Defendant-Appellant | : | 12-CA-126 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.  Costs to appellant.

_____
Hon. Sheila G. Farmer


_____
Hon. William B. Hoffman


_____
Hon. Patricia A. Delaney